No. 2708. EX PARTE ELLIOTT. November Term, 1890. This

was an application to this court for a writ of mandamus to compel the State Board of Canvassers to issue to petitioner, William Elliott. a certificate declaring him to have received the highest number of votes for representative from the Seventh Congressional District of South Carolina to the 52nd Congress of the United States. The petition set forth that the returns of the several Boards of County Canvassers included within the Seventh District showed that petitioner had been elected by a majority of 477 votes. A rule to show cause was issued and served. The Board of State Canvassers made return, admitting that the returns of the County Boards were correctly stated in the petition, but alleging that by the returns of the precinct managers, Thomas E. Miller had received a large majority of the votes cast; that the contest and protest of William Elliott submitted to all the County Boards alleged that the ballots cast for said Miller were illegal because they failed to comply with the requirements of the statute in the following particulars : 1. They were not of plain white paper. 2. They were less than five inches long. 3. The word "For" preceding the words "52nd Congress" was printed on them. 4. The name of Thomas E. Miller was so printed as not to be concealed when the ballot was folded. In some of the counties, this contest was sustained on one or more of these grounds, and in other counties dismissed, and the matter was then brought by appeal to the State Board, who, being equally divided, had made no declaration of the result.

Mr. *John P. Thomas, jr.*, for petitioner.

Mr. *John Wingate* (representing Miller), contra.

November 27, 1890. The following order was passed :

PER CURIAM. On hearing the pleadings and argument of counsel, it is ordered, that a writ of mandamus do issue as prayed for in the petition. The necessity for a speedy decision of the questions raised in this case, arising from the fact that the time limited by statute within which the Board of State Canvassers may lawfully act, will expire in a few days, renders it impracticable to prepare an opinion now vindicating the conclusion which we have reached. But we desire to state briefly the grounds upon which our conclusion is based.

It seems to us that the law regulating the formation and proceedings of the Board of State Canvassers, found in General

Statutes, chap. 8, as amended by the act of July, 1882, plainly prescribes two distinct and separate duties for the Board of State Canvassers to perform, one of which is ministerial and the other judicial. If there is no appeal from the action of the Board of County Canvassers, then the duty required of the Board of State Canvassers is purely ministerial, viz.: "Upon the certified copies of the statements made by the Board of County Canvassers, pro-, ceed to make a statement of the whole number of votes given" for each of the several officers to be elected, and certify the result to the secretary of State. But when there is an appeal from the action of the Board of County Canvassers, the duty of the State Board is judicial, viz., to determine whether there is any error of law or of fact in the conclusion reached by the County Board, and adjudge accordingly. And after having so adjudged, they then proceed to certify the result to the secretary of State.

In this case it appears that the certified copies of the statements made by the several Boards of County Canvassers within the Seventh Congressional District to the Board of State Canvassers, show that the petitioner received the greatest number of votes for the office in question ; but that from the action of these Boards of County Canvassers both the petitioner and his principal opponent appealed to the Board of State Canvassers. These appeals were heard and considered by the last mentioned Board, but the members thereof being equally divided, neither of the appeals was sustained. The result of this necessarily is that the action of the several Boards of County Canvassers must stand, upon well recognized doctrine that where an appellate tribunal is equally divided, and thus no error can be adjudged in the action of the tribunal from which the appeal is taken, such action stands affirmed. See *Etting* v. *Bank of the United States*, 11 Wheat., 59. Practically, under this condition of the case, it was the same as if there had been no appeal, and hence the only duty for the Board of State Canvassers to perform was ministerial in its character.

This decision is not to be regarded as determining any of the questions involved in the appeals from the Board of County Canvassers, which, under the case as presented to us, do not arise ; and, of course, is subject to the power invested in each house of

Congress to judge of the election and qualifications of its own members.

The writ prayed for was accordingly issued.